### No. 9,936.

### PARISH OF EAST FELICIANA vs. LOUIS LEVY.

Section 1 of Act 172 of 1852 exempts from the payment of parish taxes all objects of parish taxation—whether property or occupation—and whether denominated taxes or licenses.

A license, fee or exaction—whatever name or designation is given it—when plainly imposed for the sole, or main purpose of revenue, is, in effect, a tax.

The "town of Jackson" includes the inhabitants, as well as the property of that corporation.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. Kilbourne, J.

Stone & Browne for Plaintiff and Appellant.

T. J. Kernan for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. This suit is brought against the defendant for the sum of sixty dollars, with interest, as the amount he is due for parish license, on the business of retail merchant, in the town of Jackson, in the Parish of East Feliciana, for the years 1884, 1885 and 1886—i. e., $20 per year for each one of those years.

His answer is, among other things, that he is not liable for any license tax on his business as retail merchant, because it is exempt from all parish taxation by the terms of section 1 of Act 172 of 1852.

The legality of this annual $20 license is put squarely at issue.

The evidence shows that the defendant is a retail dealer, or merchant, doing business in the town of Jackson, East Feliciana parish, and paid a State license of $20 during each of the three years mentioned.

Section 1 of Act 172 of 1852 is couched in the following language, viz.:

" That the *town* of Jackson, in the Parish of East Feliciana, be and the same is hereby exempt from the payment of *parish taxes*."

The construction which plaintiff's counsel placed on the provision of that act is, that the *property*, which is situated within the corporate limits of the town of Jackson, is alone exempt, and that the *occupation* of the citizen is not ; while the construction contended for by counsel for defendant is, that *all* objects of parish taxation, whether property or occupation, come within the operation of the exemption.

Simplified and refined the question is, whether or not a license is a *tax*.

We are of the opinion that it is. License and tax are frequently and properly employed as convertible terms, though not precisely synonymous.

In *Delecambre* vs. *Clere*, 34 Ann. 1050, we said :

" Whilst this section conferred authority incident to police powers to regulate private markets,    *    *    *    it conferred no power to levy a *tax or license*," etc.

Again :    " Licenses or taxes may be imposed on certain branches, etc."

In Metayer vs. Corrigé, 38 Ann. 711, we said :    " The taxing power of the city of New Iberia is its only power for obtaining revenue, by exactions levied upon its citizens, and that power is limited to the *ad valorem* or property tax, and the *license tax*."

Those decisions are in strict accord with the principle of interpretation announced by Mr. Justice Dillon.    He employs this language :

" The power to license and regulate particular branches of business or matters is usually a police power ; but when *licenses*, fees or exactions are plainly imposed for the sole or main purpose of revenue, they are, in effect, *taxes*."

2 Dillon's Municipal Corporations, sec. 93,609 ; 12 Wallace 418, Ward vs. Maryland ; 29 Ann. 261, Major vs. Gustave Roth ; 32 Ann. 923, Board of Trustees of New Iberia vs. Migues.

It was evidently the intention of the legislature to exempt all objects of parish taxation from the payment of parish taxes ; and the word " taxes " was obviously employed in its broadest sense, and in-

cludes license-taxes as well as property-taxes. It declared " that the *town* of Jackson * * is hereby exempt," etc. The "town" of Jackson certainly includes the inhabitants, as well as the property that is situated within its limits.

The defendant's occupation comes within the purview of the legislative exemption, and the judge *a quo* was correct in deciding that he was not liable for the parish license claimed of him.